**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **HALEY HEYNDERICKX,**<br><br>Plaintiff,<br><br>v.<br><br>**VINCENT BANCHERI and MAMA BIRD RECORDING CO., LLC,**<br><br>Defendants. | Case No. 3:26-cv-00680-IM<br><br>**OPINION AND ORDER GRANTING HEYNDERICKX'S MOTION TO DISMISS COUNTERCLAIMS AND TO STRIKE AFFIRMATIVE DEFENSES** |

Caroline Harris Crowne and Stephanie J. Grant, Tonkon Torp LLP, 1300 SW 5th Avenue, Suite 2400, Portland, OR 97201 & Kaveri Arora, Pryor Cashman LLP, 7 Times Square, 41st Floor, New York, NY 10036. Attorneys for Plaintiff.

Candace D. Hayward-Hoke, Betts, Patterson & Mines, P.S., 701 Pike Street, Suite 1025, Seattle, WA 98101 & Anna Elizabeth Esfeld, Betts, Patterson & Mines, P.S., 111 SW 5th Avenue, Suite 3650, Portland, OR 97204. Attorneys for Defendants.

**IMMERGUT, District Judge.**

Before this Court is Plaintiff and Counterdefendant Haley Heynderickx's Motion to Dismiss Counterclaims and to Strike Affirmative Defenses, ECF 19 (Motion). Heynderickx is a music and recording artist who entered into a 2017 recording agreement with Defendant Mama

Bird—a recording company owned by Defendant Vincent Bancheri and based in Hillsboro, Oregon. Complaint, ECF 1 ¶¶ 2-3. Before this Court, Heynderickx filed a Complaint in which Heynderickx alleges that Bancheri and Mama Bird failed to comply with their obligations under the operative recording agreement, including failing to provide Heynderickx with agreed-upon semi-annual accountings of royalties owed due to the success of her musical recordings, and failing to remit to Heynderickx her share of proceeds from sales of copies of those recordings. *Id.* ¶¶ 93-103. Bancheri and Mama Bird filed an Answer in response to Heynderickx's Complaint in which Bancheri and Mama Bird plead fourteen affirmative defenses, and bring three state-law counterclaims against Heynderickx for breach of contract, tortious intentional interference with economic relations, and defamation. *See generally* Answer, ECF 13.

Heynderickx now asks this Court to dismiss the state-law counterclaims for failure to state a claim upon which relief may be granted. *See generally* Motion, ECF 19. Heynderickx also asks this Court to strike Bancheri and Mama Bird's fourteen affirmative defenses. *Id.* For the reasons that follow, Heynderickx's motion is GRANTED. Bancheri and Mama Bird's counterclaims are DISMISSED without prejudice, and the fourteen affirmative defenses are STRICKEN.

## LEGAL STANDARDS

A motion to dismiss a counterclaim for failure to state a claim is evaluated under the standards set forth in Federal Rule of Civil Procedure 12(b)(6), which governs a motion to dismiss a plaintiff's complaint. Under Rule 12(b)(6), a complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that a defendant violated a plaintiff's rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). A motion to dismiss for failure to state a claim

may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Iqbal*, 556 U.S. at 678–79.

On its own or upon motion of a party, a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). The decision to grant a motion to strike pursuant to one of the five rationales described in Rule 12(f) is ultimately left to the court's discretion. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgm't*, 921 F.2d 241, 244 (9th Cir. 1990) (concluding that the Ninth Circuit reviews a district court's grant of a motion to strike for abuse of discretion). When evaluating a motion to strike an affirmative defense, "[t]he key" to determining the defense's sufficiency is whether the pleading gives the plaintiff "fair notice" of the defense. *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). While a defendant need not plead enough factual matter to meet the heightened standard of plausibility required by Rule 12(b)(6), the fair notice

standard requires more than a bare statement that the defense generally applies. *See Rosen v. Masterpiece Marketing Group, LLC*, 222 F. Supp. 3d 793, 798, 802 (C.D. Cal. 2016). A sufficiently pleaded affirmative defense alleges at minimum enough facts to indicate to the plaintiff the particular grounds on which the defense is based. *Id.*

## DISCUSSION

### A. Counterclaims

This Court agrees that as to counterclaims one, two and three, Bancheri and Mama Bird fail to plead factual allegations sufficient to that render facially plausible counterclaims.

#### 1. Breach of Contract

To plead a breach of contract claim under Oregon law, a plaintiff "must allege the existence of a contract, its relevant terms, [the plaintiff]'s full performance and lack of breach[,] and defendant's breach resulting in damage to plaintiff." *Slover v. Or. St. Bd. of Clinical Soc. Workers*, 144 Or. App. 565, 570 (Or. Ct. App. 1996) (citation modified). While Bancheri and Mama Bird sufficiently allege the existence of an August 2017 contract under which Defendant Bancheri agreed to provide Heynderickx "managerial services," and plead lack of breach, Bancheri and Mama Bird fail to describe the scope of the contract and plead no facts to identify the relevant contractual term which is the subject of Heynderickx's alleged breach. Therefore, Bancheri and Mama Bird fail to state the elements of a claim for which relief may be granted, and the first counterclaim for breach of contract claim is DISMISSED. *See Nettleton v. Exact Scis. Corp.*, 645 F. Supp. 3d 1049, 1055 (D. Or. 2022) (applying Oregon law and dismissing breach of contract claim for failing to state relevant contractual terms).

#### 2. Tortious Intentional Interference with Economic Relations

Likewise, Bancheri and Mama Bird fail to plead a counterclaim for tortious intentional interference with economic relations (IIER). *See* Answer, ECF 13 ¶¶ 170-76. "To prevail on a claim for tortious interference with economic relations, a plaintiff must prove: (1) the existence of a professional or business relationship (which could include, *e.g.*, a contract or a prospective economic advantage); (2) intentional interference with that relationship or advantage; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and the harm to the relationship or prospective advantage; and (6) damages." *Providence Health & Servs. Or. v. Mancuso*, 323 Or. App. 573, 590 (Or. Ct. App. 2023) (citation modified).

Bancheri and Mama Bird claim that Heynderickx, a third party, interfered with a decade-long business relationship between Mama Bird and House Arrest, a distributor of royalties to artists including Heynderickx, by contacting House Arrest with "false and unverified information to claim that [Mama Bird] was withholding profits from royalties." Answer, ECF 13 ¶ 172. Bancheri and Mama Bird further claim that the purpose of Heynderickx's action was "improper, defamatory, and meant to inflict intentional harm[.]" Answer, ECF 13 ¶ 174. As a result, Bancheri and Mama Bird allege that House Arrest has impermissibly withheld from Bancheri and Mama Bird royalties totaling approximately $145,000. Answer, ECF 13 ¶ 176.

While Bancheri and Mama Bird have pleaded the existence of a business relationship between Mama Bird and House Arrest, intentional interference by a third party, causation, and damages, Bancheri and Mama Bird fail to allege the fourth element of the tort: improper means or improper purpose. Oregon courts recognize that liability for IIER requires a showing of conduct that violated "some objective, identifiable standard[,]" including engaging in violence, bribery, threats, deceit, or defamation. *Sharma v. Providence Health & Servs. Or.*, 289 Or. App. 644, 668 (Or. Ct. App.

2018) (citation modified). When a defendant's conduct concerns their own business interests, Oregon law protects that defendant from being subjected to an IIER claim. *Id.* ("[G]enerally, a defendant's subjective judgment as to its own business purposes will control.") (citation modified). Because the defendant's purpose must be to inflict injury on the plaintiff, a defendant who takes actions "wholly consistent with the proper purpose of advancing its business interests" acts with a proper purpose that does not support an interference of intentional, improper interference. *Id.* (citation modified).

As described with more specificity in Bancheri and Mama Bird's description of the defamation counterclaim brought against Heyndericks (see discussion below), the basis of the IIER counterclaim is that Heyndericks communicated to House Arrest "false and unverified information"—that Bancheri and Mama Bird have been "stealing profits from [*Heyndericks's*] royalties and products." Answer, ECF 13 ¶ ¶ 176, 178. In other words, Bancheri and Mama Bird base the IIER claim on Heyndericks's decision to communicate to House Arrest that House Arrest's distribution of royalties earned by Heyndericks was not resulting in the fulfillment of Heyndericks's rights under the parties' contractual agreements.

Construing the facts alleged in the light most favorable to Bancheri and Mama Bird, the counterclaim sets forth allegations that Heyndericks's actions were undertaken to advance her own business interests, including, but not limited to, Heyndericks's profit maximization through securing royalties she believed she was owed. *See Eusterman v. Northwest Permanente, P.C.*, 205 Or. App. 224, 238 (Or. Ct. App. 2006) (finding that a defendant's interest in pursuing profit maximization is not by itself a motivation qualifying as improper means or purpose for an IIER claim). Given that Bancheri and Mama Bird plead no other improper purpose for Heyndericks's

actions, Bancheri and Mama Bird's IIER counterclaim fails to state the elements of the IIER tort under Oregon law, and the counterclaim is DISMISSED.

### 3. Defamation

As discussed above, Bancheri and Mama Bird pursue a defamation counterclaim against Heyndericks on the basis of two alleged statements made by Heyndericks to third parties: (1) by contacting the distributor, House Arrest, and communicating that Bancheri and Mama Bird were withholding royalties; (2) by making "defamatory statements to members of the music community and other artists." Answer, ECF 13 ¶¶ 177-79. Neither states a sufficient claim for defamation.

Any defamation claim based on statements Heyndericks made to House Arrest is time-barred. In Oregon, "[a]n action for libel or slander shall be commenced within one year." O.R.S. § 12.120. While the statements made to House Arrest were made in March 2025, Answer, ECF 13 ¶¶ 172, 178, Bancheri and Mama Bird filed the counterclaim in June 2026—approximately three months after the close of the statute of limitations period. Bancheri and Mama Bird acknowledge that Oregon law provides for a one-year statute of limitations on defamation claims, but argue that "[t]he parties are entitled to conduct discovery to establish when the defamatory statements were made last." Response, ECF 22 at 6. But Bancheri and Mama Bird do not plead that the defamation claim is based upon statements repeated initially in March of 2025 and republished at a future date. As pleaded, the counterclaim regarding statements allegedly made to House Arrest references only the single set of statements made in March 2025. Because that date is outside the statute of limitations, the Courts finds that the defamation claim based on Heyndericks's March 2025 statements to House Arrest is time-barred.

Similarly, Bancheri and Mama Bird's allegation that that Heynderickx made "defamatory" statements to third parties within the music community does not state the elements of a well-pleaded defamation claim. First, it is unclear whether any statement would fall within the statute of limitations because Bancheri and Mama Bird do not identify any particular statement that serves as the basis for liability. Second, because Bancheri and Mama Bird fail to identify any such statement, Bancheri and Mama Bird also fail to plead the specific elements of the defamation claim—that Heynderickx (1) made a *false* statement ascribing unsavory conduct, characteristics, or conditions to Bancheri and Mama Bird's proper conduct of business and (2) published such a statement to a particular third party. *See Neumann v. Liles*, 369 P.3d 1117, 1121 (Or. 2016).

Because Bancheri and Mama Bird fail to plead the elements of a defamation claim, the defamation counterclaim is DISMISSED.

### B. Affirmative Defenses

This Court also agrees that Bancheri and Mama Bird's affirmative defenses, numbered in the Answer as one through fourteen, should be stricken pursuant to Rule 12(f) for insufficiency of the defense, impertinence, or immateriality.

#### 1. Impossibility, Impracticability & Authority of Law

Bancheri and Mama Bird's First, Second, and Tenth Affirmative Defenses, Bancheri and Mama Bird plead that unspecified government mandates for management of the COVID-19 pandemic made "certain terms in the contract impossible [or] . . . impracticable" to perform, or "legally excused" Bancheri and Mama Bird from performing their contractual obligations under authority of law. Answer, ECF 13 ¶¶ 147, 148, 146. Bancheri and Mama Bird's defenses plead little more than a vague reference to the COVID-19 pandemic. Bancheri and Mama Bird fail to

identify which terms of the contract or contractual obligations were made impossible, impracticable, or excused from performance, and provide no indication of which government mandates were responsible for the changing conditions. Therefore, this Court finds that Bancheri and Mama Bird fail to give sufficient notice of the grounds for the affirmative defenses relating to COVID-19. Because the defenses are legally insufficient within the meaning of Rule 12(f), Bancheri and Mama Bird's First, Second, and Tenth Affirmative Defenses are STRICKEN from the Answer.

**2. Fraud, Mistake, Duress, Failure to Mitigate Damages, Abandonment of Contract & Prior Material Breach**

Similarly, Bancheri and Mama Bird attempt to plead a series of other affirmative defenses by naming the defense and stating, in a conclusory fashion, that the parties' conduct renders the defense applicable. For these defenses—fraud, mistake, failure to mitigate, abandonment, and prior material breach—Bancheri and Mama Bird provide no further grounds for applicability and fail to specify which conduct would support the defense. *See, e.g.*, Answer, ECF 13 ¶ 149 (alleging, as grounds for the fraud or misrepresentation affirmative defense, that "Heynderickx induced Bancheri and Mama Bird to enter the contract based on false statements"). Because Bancheri and Mama Bird provide only bare, conclusory statements which restate the legal standard, Bancheri and Mama Bird fail to provide facts that satisfy the fair notice requirement. Therefore, this Court finds that the defenses are legally insufficient within the meaning of Rule 12(f), and Bancheri and Mama Bird's Third, Fourth, Fifth, Sixth, Ninth, and Twelfth Affirmative Defenses are STRICKEN from the Answer.

3. **Comparative Negligence**

As a Seventh Affirmative Defense, Bancheri and Mama Bird plead that "Heynderickx's own comparative fault, carelessness, and negligence [was] a direct and proximate cause of Heynderickx's own damages." Answer, ECF 13 ¶153. Bancheri and Mama Bird provide no factual information indicating what actions of Heynderickx constitute negligence. Therefore, the Court concludes that the defense fails to satisfy the fair notice standard and is legally insufficient.

Furthermore, under Oregon law, comparative fault is not an applicable defense to a breach of contract claim. *See Hampton Tree Farms, Inc. v. Jewett et al.*, 974 P.2d 738, 746-48 (Or. 1999) (finding Oregon's comparative fault statute does not apply to willful misconduct and declining to apply affirmative defense to breach of fiduciary duty claim). As a result, the Court determines that the comparative fault affirmative defense is legally insufficient as a matter of law, which also renders the affirmative defense impertinent or immaterial.

For these reasons, Bancheri and Mama Bird's Seventh Affirmative Defense is STRICKEN from the Answer.

**4. Statute of Limitations**

Bancheri and Mama Bird name "Statute of Limitations" as Bancheri and Mama Bird's Thirteenth Affirmative Defense. Answer, ECF 13 ¶ 159. Citing O.R.S. § 12.080, Bancheri and Mama Bird state that "a conversion claim generally must be filed within two years of [a] wrongful taking or the [p]laintiff's discovery of the event." *Id.* But Bancheri and Mama Bird do not offer, under the facts alleged, which event or date began to toll the statute of limitations. Moreover, Bancheri and Mama Bird mischaracterize the statute of limitations, which is six years—not two. O.R.S. § 12.080(4) ("An action for taking, detaining or injuring personal property, including an action for the specific recovery thereof . . . shall be commenced within six years."). Therefore, this

Court concludes that the statute of limitations defense is legally insufficient, rendering the defense impertinent or immaterial, and the Thirteenth Affirmative Defense is STRICKEN from the Answer.

### 5. Waiver, Ratification, or Estoppel

As the Eighth Affirmative Defense, Bancheri and Mama Bird offer that the doctrines of waiver, ratification, or equitable estoppel bar Heynderickx's claims in whole or in part. Answer, ECF 13 ¶ 154. While the doctrines are separate defenses, Bancheri and Mama Bird group the defenses into one. Bancheri and Mama Bird fail to plead facts which render any of the three defenses applicable.

#### a. Waiver & Ratification

In Oregon, waiver requires the "intentional relinquishment or abandonment of a known right." *Ionian Corp. v. Country Mut. Ins. Co.*, 88 F. Supp. 3d 1187, 1199 (D. Or. 2015) (applying Oregon law). In describing their intent to bring the defense, Bancheri and Mama Bird offer that Heynderickx manifested intent to continue to "be bound by the [parties' existing] contract" and "continued to request Bancheri and Mama Bird perform under the agreement[,]" even though Heynderickx had "not seen the accounting" for royalties due, leading Bancheri and Mama Bird to perform managerial services as allegedly required by the parties' contracting. Answer, ECF 13 ¶ 154.

As pleaded, the conduct Bancheri and Mama Bird identify as grounds for the defense does not constitute relinquishment of a known right. First, the pleading does not provide enough information to identify what right Heynderickx relinquished. Second, the very grounds stated for the defense state the opposite of relinquishment or ratification of non-performance: Heynderickx

insisted on mutual performance of the contract. *See* Mtn., ECF 19 at 17; Answer, ECF 13 ¶ 154. Thus, the defense is legally insufficient within the meaning of Rule 12(f).

**b. Equitable Estoppel**

Under Oregon law, the estoppel defense has five elements, requiring a defendant to show: (1) a false representation; (2) that the representation was made with knowledge of the facts; (3) that the defendant was ignorant of the truth; (4) that the false representation was made with intention that the defendant should act upon the statement; (5) the defendant was induced to act upon it. *Ross Dress for Less, Inc. v. Makarios-Oregon*, LLC, 180 F. Supp. 3d 745, 778 (D. Or. 2016) (quoting *Hess v. Seeger*, 641 P.2d 23 (Or. 1982)) (citation modified). Equitable estoppel also requires showing that the defendant reasonably relied on the representation, causing a material change in position. *Id.* Heynderickx's alleged manifestation of intent to perform the contract and request for Bancheri and Mama Bird's performance is not a false representation upon which Bancheri and Mama Bird relied and took action. Nor does Bancheri and Mama Bird's decision to operate under an existing contract materially change their position. Thus, Bancheri and Mama Bird fail to sufficiently plead each of the elements of the equitable estoppel defense.

The Eighth Affirmative Defense is legally insufficient and is STRICKEN from the Answer.

**6. Consent or Approval**

Bancheri and Mama Bird's Eleventh Affirmative Defense for "consent" or "approval" is not a cognizable affirmative defense under Oregon law, and may be construed as another iteration of the waiver, ratification, or estoppel defense discussed above. Here, as grounds for the defense, Bancheri and Mama Bird state that "Plaintiff's claims are barred, in whole or in part, because Plaintiff expressly consented to and approved Mama Bird LLC and Vincent [Bancheri] to perform

under the agreements," which Bancheri and Mama Bird specify as the agreements the parties executed in 2017. Answer, ECF 13 ¶ 157. In other words, Bancheri and Mama Bird seem to claim that Heyndericks consented to any failed performance by entering into the operative contract itself. But the simple existence of a contract does not constitute consent to its breach; such a position is logically incoherent and at odds with the concept of a breach of contract claim.

The defense as pleaded is thus legally insufficient, and the Eleventh Affirmative Defense is STRICKEN from the Answer.

**7. Privilege or Legal Authority**

As the Fourteenth Affirmative Defense, Bancheri and Mama Bird plead that Heyndericks's claims of conversion are barred "because [] Bancheri and Mama Bird took the percentage of [Heyndericks's] profits in accordance with a legally binding contract." Answer, ECF 13 ¶ 160. A defendant's claim that the property at issue in a conversion claim was properly acquired by the defendant serves to rebut the prima facie case; thus, it is properly characterized as a negative rather than an affirmative defense. *See Hocks v. Jeremiah*, 93 Or. App. 580, 582 (Or. Ct. App. 1988) (finding defendant's claim that property the subject of a conversion claim was acquired as a gift did not constitute an affirmative defense); *Zivkovic v. S. Calif. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that Plaintiff has not met its burden of proof is not an affirmative defense."). Because the negative defense falls within Bancheri and Mama Bird's general denials in the Answer, this Court finds it proper to strike the mischaracterized affirmative defense as redundant within the meaning of Rule 12(f). *See Unigestion Holding, S.A. v. UPM Tech., Inc.*, 305 F. Supp. 3d 1134, 1143-44 (D. Or. 2018) (finding it proper to strike a negative defense improperly characterized as affirmative).

Therefore, the Fourteenth Affirmative Defense is STRICKEN from the Answer.[1]

**CONCLUSION**

Heynderickx's Motion to Dismiss Counterclaims and to Strike Affirmative Defenses, ECF 19, is GRANTED. Bancheri and Mama Bird's counterclaims for breach of contract, tortious intentional interference with economic relations, and defamation as set forth in the Answer, ECF 13, are DISMISSED without prejudice.[2] Bancheri and Mama Bird's affirmative defenses numbered one (1) through fourteen (14), as set forth in the Answer, ECF 13, are STRICKEN. Bancheri and Mama Bird are given leave to amend within twenty-one (21) days of this order.

**IT IS SO ORDERED.**

DATED this 13th day of November, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[1] The Court's determination to strike the defense for being improperly stylized as an affirmative defense here does not prohibit Bancheri and Mama Bird from litigating whether the royalties and other profits held by Bancheri and Mama Bird were permissibly acquired under a binding contract.

[2] While this Court dismisses the counterclaim for defamation without prejudice, it does so with respect to the defamation counterclaim based on statements made by Heynderickx to unspecified third parties within the music community. As explained above, any defamation claim based on Heynderickx's March 2025 statements to House Arrest is barred by the statute of limitations and would be futile upon any re-pleading.